UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID J. BUTTE,<br><br>                Plaintiff,<br>      v.<br><br>WASHOE COUNTY DISTRICT<br>ATTORNEY OFFICE, *et al.*,<br><br>                Defendants. | Case No. 3:24-cv-00131-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

Plaintiff David J. Butte attempts to sue the Washoe County District Attorney's Office and Washoe County Department of Health and Human Services (collectively, "Washoe County") for damages because of his children's placement in foster care for approximately two years.[1] (ECF No. 1.) Before the Court is Washoe County's motion to dismiss (ECF No. 15. ("Motion")),[2] along with two motions regarding the appropriate treatment of documents containing information about minor children (ECF Nos. 13, 21).[3] Because the Court finds that this case is barred under the *Rooker-Feldman*[4] doctrine and that documents filed in this case containing information about minor children should

---

[1] Butte filed two cases, but the Court consolidated them into one. (ECF No. 12.) Washoe County Department of Health and Human Services was the named defendant in the case consolidated into this one. (*Id.*)

[2] Butte filed this case *pro se* (ECF No. 1), but subsequently obtained counsel who filed a response to the Motion on his behalf (ECF Nos. 27, 28 (amended version)). Washoe County filed a reply in support of the Motion. (ECF No. 29.)

[3] There is no record on the docket that Butte responded to these motions, whether through counsel or otherwise.

[4] "The *Rooker-Feldman* doctrine derives its name from two Supreme Court cases: *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)." (ECF No. 15 (sealed) at 9.)

remain sealed—and as further explained below—the Court will grant the pending motions in pertinent part and dismiss this case, without prejudice but without leave to amend.

## II.   JUDICIAL NOTICE

Washoe County requests the Court take judicial notice of certain documents filed, and orders issued, in the underlying state court child custody proceedings. (ECF No. 15 (sealed) at 3-4.) As further explained below, the Court grants Washoe County's request in pertinent part and addresses the issue of judicial notice here because the Court partially constructs the factual background provided further below using documents about which the Court takes judicial notice.

The Court may take judicial notice of "'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citation omitted); *see also Patterson v. Miller*, 451 F. Supp. 3d 1125, 1140 (D. Ariz. 2020), *aff'd*, Case No. 20-15860, 2021 WL 3743863 (9th Cir. Aug. 24, 2021) (taking judicial notice of "court records submitted by the parties that directly relate to this action" including "records from the dependency proceeding in the Juvenile Court").

The documents subject to Washoe County's request for judicial notice directly relate to this case. Butte's claims against Washoe County are premised upon Washoe County's actions in an underlying family court action. For example, he alleges that Washoe County engaged in malicious prosecution by filing documents against him when he was immune and otherwise filing 'illegal' paperwork. (ECF No. 1 at 3-4.) And Butte attaches orders from the family court case to his Complaint. (*Id.* at 26-37.) The Court accordingly concludes that the family court records Washoe County submitted as exhibits to its Motion directly relate to this case and takes judicial notice of the documents summarized in the Background section below for the propositions also noted below.

Butte generally argues that the Court should not take judicial notice of the documents Washoe County attached to its Motion, but does not specify which ones, or offer any reasons specific to a particular document. (ECF No. 28 at 4-5.) And Butte

2

concedes that the Court may take judicial notice of facts not subject to reasonable dispute without converting the Motion into one for summary judgment. (*Id.*) The Court finds that the facts described below are not subject to reasonable dispute, and otherwise rejects Butte's arguments opposing judicial notice.

### III. BACKGROUND

A state family court judge issued an emergency warrant placing several minor children in protective custody. (ECF No. 1 at 26-30.) The family court appointed a special master, who recommended those several minor children remain in foster care, finding in part that Butte had neglected them. (ECF No. 15-9 (sealed).) The family court adopted the special master's recommendations. (ECF No. 15-13 (sealed).)

Butte later filed a motion to dismiss, dissolve, or erase himself as a party to the family court cases involving these minor children and return them to his custody based on the argument that he had immunity under the same federal and state laws cited in his Complaint because he had reported suspected child abuse or neglect of them. (ECF No. 15-18 (sealed); *see also* ECF No. 1.) The Washoe County District Attorney's Office opposed the motion (ECF No. 15-19 (sealed)), and Butte filed a reply (ECF No. 15-20 (sealed)).

The special master recommended denying Butte's motion. (ECF No. 15-21 (sealed).) In the order containing that recommendation, the special master rejected Butte's argument that he had immunity as a reporter of suspected child abuse or neglect under NRS § 432B.160(1)(a) because findings to the effect that he had neglected the children had been sustained, and NRS § 432B.160(1)(a) "does not protect a reporting party from liability from acts of abuse or neglect." (*Id.* (sealed) at 5.) The family court subsequently issued an order adopting the special master's recommendation and order. (ECF No. 15-22 (sealed).) That order noted that no timely objections had been filed to the special master's recommendation rejecting Butte's immunity argument. (*Id.*)

///

///

Later that year, following a stipulation by all parties, the juvenile dependency case was dismissed, rendering the underlying family court proceedings final in August 2022. (ECF No. 15-30 (sealed).)

Butte filed the two cases later consolidated into this one against Washoe County in March 2024, primarily seeking damages against Washoe County for placing certain minor children in foster care for approximately two years despite Butte's claims of immunity under federal and state law because he reported suspected abuse or neglect of the children. (ECF Nos. 1, 12 (consolidating the two cases into one).) *See also* Case No. 3:24-cv-00132-MMD-CSD, ECF No. 1 (D. Nev. Filed Mar. 19, 2024).

## IV.   DISCUSSION

The Court first addresses the issue of the appropriate treatment of documents containing information about minor children, and then addresses Washoe County's dispositive argument based on the *Rooker-Feldman* doctrine.

### A.   Sealing

Washoe County first filed a motion for an order regarding child welfare records (ECF No. 13), and then, following a Court order (ECF No. 18), filed a motion for leave to file their Motion and its exhibits under seal (ECF No. 21). But both motions seek the same thing: either to maintain the Motion and its exhibits under seal, or for an order from the Court permitting unsealing. (ECF Nos. 13, 21.) Washoe County filed these motions because child welfare records are confidential under Nevada law. *See* NRS § 432B.280. However, as Washoe County argues, the Court may order the child welfare records unsealed if "the court determines that public disclosure of the information is necessary for the determination of an issue before it." NRS § 432B.290(2)(e).

But the Court does not find that public disclosure of all the sealed information in Washoe County's motion and the exhibits attached to it is necessary to determine that the *Rooker-Feldman* doctrine applies here, which, as further explained below, bars this case. The Court can instead refer to only a few details from the underlying family court

1  proceedings without disclosing personal identifying information about any minor children
2  to resolve the *Rooker-Feldman* issue.

3  Moreover, it is important to protect information about minor children in public court filings. For example, LR IC 6-1(a)(2) requires that only a minor's initials are used instead of their full name if they must be mentioned in filings in this Court at all, and LR IC 6-1(c) places the responsibility of making these redactions on the parties. As another example, another court in this district has held that NRS § 432B.280 (the same provision at issue here), "evinces a strong state interest in the confidentiality of child welfare service records[;]" going on to note that, if "the Court were to allow the parties to import confidential documents into federal court and thereby make them public, it would seriously undermine the state's policy." *Ansara v. Maldonado*, Case No. 2:19-cv-01394-GMN-VCF, 2022 WL 17253803, at *3 (D. Nev. Nov. 1, 2022). And particularly because, as noted above, the details of the underlying family court proceedings do not matter so much for purposes of resolving the Motion, these strong interests outweigh any contrary interest in disclosing the child welfare records pertinent to this case. *See id.* at *3 (finding compelling reasons existed to seal exhibits to a dispositive motion consisting of child welfare records).

The Court accordingly grants the first motion regarding sealing (ECF No. 13) in part and denies the later-filed motion (ECF No. 21) as moot. The Motion and exhibits that Washoe County submitted under seal will remain under seal.

In addition, and somewhat separately, the Court notes that Butte filed unredacted copies of filings from the underlying family court case that contain the full names and ages of minor children as exhibits to his Complaints. (ECF No. 1 at 26-37.) *See also* Case No. 3:24-cv-00132-MMD-CSD, ECF No. 1 at 27-38 (D. Nev. Filed Mar. 19, 2024). This does not comply with LR IC 6-1. Moreover, allowing these records to remain unsealed would contradict the Court's ruling immediately above, and expose the personal information of minor children by remaining publicly accessible on the Court's docket. For these reasons, the Court will direct the Clerk of Court to seal the pertinent exhibits to the two complaints

Butte filed. (ECF No. 1 at 26-37.) *See also* Case No. 3:24-cv-00132-MMD-CSD, ECF No. 1 at 27-38 (D. Nev. Filed Mar. 19, 2024).

### ***B.    Rooker-Feldman***

Washoe County's first of several alternative arguments in the Motion is that the *Rooker-Feldman* doctrine bars this case as a de facto appeal of the order denying Butte's motion to dismiss on immunity grounds in the underlying family court proceedings that are now final. (ECF No. 15 (sealed) at 8-12.) Butte counters that *Rooker-Feldman* does not bar this case because the state court did not issue any decisions on "Section 1983 claims for violations of substantive due process, procedural due process, and violation of the 14th amendment's guarantee of equal protection under the law as well as pendant state claims." (ECF No. 28 at 6.) The Court agrees with Washoe County.

The *Rooker-Feldman* doctrine provides that federal district courts may not exercise subject matter jurisdiction over a de facto appeal from a state court judgment.[5] *See Rooker*, 263 U.S. at 414-17; *Feldman*, 460 U.S. at 482. The doctrine applies when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from the state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). As part of a refusal to hear a forbidden de facto appeal, a federal district court "must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (quoting *Noel*, 341 F.3d at 1158).

To determine if a case operates as a de facto appeal, the court "pay[s] close attention to the relief sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 990 (9th Cir. 2003)). Where the form of relief would constitute a reversal or "undoing of the prior state-court judgment," *Rooker-Feldman* dictates that the lower federal courts lack jurisdiction. *Bianchi*, 334 F.3d at 900 (internal quotations and citations omitted).

---

[5]State court litigants may only obtain federal review of state court judgments by filing a petition for a writ of certiorari in the Supreme Court of the United States. *See Feldman*, 460 U.S. at 482.

Plaintiff's claim is based on his contention that he had immunity from the family court proceedings that resulted in minor children being placed in foster care for about two years because he reported that he suspected they were being abused or neglected by someone else, contending that both state and federal statutes give him immunity because he was the reporter. (ECF No. 1 at 3-5.) He seeks damages for "prosecutorial malpractice and malicious prosecution that resulted in the kidnapping of my 3 children for close to 2 yrs." (*Id.* at 6.) Thus, the Court reasonably infers that he challenges the fact that these children were placed in foster care, and he was involved in a corresponding family court case, despite his claim of immunity.

However, a special master appointed by the family court addressed and rejected the very same claim of immunity in a recommendation denying Butte's motion to dismiss filed in the underlying case. (ECF No. 15-21 (sealed) at 4-5.) And then the family court accepted and adopted the special master's pertinent recommendations. (ECF No. 15-22 (sealed).) In that order, the family court judge noted that Butte was given the opportunity to object to the special master's recommendation but did not. (*Id.*) Later, the family court closed the case. (ECF No. 15-30 (sealed).) The family court accordingly addressed and rejected the same argument that forms the basis for Butte's Complaint here in a state court proceeding that has since concluded.

Butte's Complaint in this case is a de facto appeal of that state court decision impermissible under *Rooker-Feldman*. For the Court to award Mr. Butte the damages that he seeks, it would have to agree with him on his immunity argument that is the sole legal basis for his claims as described in his Complaint. (ECF No. 1 at 5-6.) And in doing so, the Court would have to effectively reverse the decision of the family court. The *Rooker-Feldman* doctrine thus applies and bars this case. *See Noel*, 341 F.3d at 1164 ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court."); *see also Lacy-Curry v. Alameda Cnty. Soc. Servs. Agency*, 262 F. App'x 9, 10 (9th Cir. 2007) (finding "the *Rooker-Feldman*

1  doctrine" barred challenged to state court challenge child dependency proceedings to the
2  extent those proceedings had already concluded).

3  Butte's arguments to the contrary are unpersuasive. To start, he refers exclusively
4  to claims not raised in his Complaint. (*Compare* ECF No. 28 at 6 (referring to Section
5  1983 claims for violation of his constitutional rights and pendant state law claims) *with*
6  ECF No. 1 at 5-6 (alleging a single claim based on the Nevada and federal statutes that
7  immunize reporters of suspected child abuse or neglect under some circumstances).)
8  And even if Butte had raised Section 1983 claims, those too would be barred under
9  *Rooker-Feldman* because, as explained above, Butte asks the Court to effectively
10 overturn the family court's order rejecting his immunity argument. *See Watkins v. Proulx*,
11 235 F. App'x 678, 679 (9th Cir. 2007) (affirming the district court's dismissal of a Section
12 1983 case "because [the plaintiff's] action amounted to a de facto appeal of a state court
13 child custody order."). Butte also mentions Washoe County policies, suggesting that
14 social workers involved in the underlying family court proceedings were biased against
15 him. (ECF No. 28 at 6-7.) But "the *Rooker-Feldman* doctrine bars this Court from hearing
16 Plaintiff's claims against the individual Defendants that they conspired and made false
17 representations to the Juvenile Court because they are 'inextricably intertwined' with the
18 orders of the Juvenile Court regarding the matters adjudicated in the dependency case."
19 *Meza v. Meza*, Case No. SA CV 12-01777-GAF, 2013 WL 2338126, at *10 (C.D. Cal.
20 May 25, 2013) (citation omitted), *aff'd,* 617 F. App'x 816 (9th Cir. 2015). In general, Butte's
21 claims—however phrased—are barred because they "constitute a forbidden 'de facto
22 appeal' of a prior state court judgment, or are 'inextricably intertwined' with that judgment."
23 *Mittal v. Cnty. of Clark*, 716 F. App'x 644, 644 (9th Cir. 2018) (citations omitted).

24 At various points in his response, Butte mentions that he hopes to seek
25 amendment, but calls amendment "frowned upon." (ECF No. 28 at 1, 3, 10, 18.)
26 Amendment is actually freely given "when justice so requires," *see* Fed. R. Civ. P.
27 15(a)(2), but Butte's request to amend does not comply with LR 15-1 because he did not
28 attach a proposed, amended complaint to a motion seeking leave to amend. Butte's

request to amend is thus denied for noncompliance with LR 15-1. Moreover, and alternatively, the Court denies Butte's request for leave to file an amended complaint as futile because, as explained above, even an amended complaint that includes the sorts of claims Butte mentions in his response would still be barred under the *Rooker-Feldman* doctrine. *See Cooper*, 704 F.3d at 783-85 (affirming dismissal under *Rooker-Feldman* along with the decision not to permit amendment because amendment would have been futile).

The Court's dismissal of this, Butte's consolidated case, is without prejudice to Butte raising similar arguments in state court—if there is an appellate avenue available to Butte at this point—because *Rooker-Feldman* "instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts" and a dismissal for lack of jurisdiction is generally considered a dismissal without prejudice because "the merits have not been considered[.]" *Id.* at 777.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Washoe County's motion to dismiss (ECF No. 15) is granted.

It is further ordered that this case is dismissed as explained herein, in its entirety, without prejudice but without leave to amend.

It is further ordered that Washoe County's motion for order regarding child welfare records (ECF No. 13) is granted to the extent that all documents filed under seal in this case will remain under seal.

It is further ordered that, considering the Court's ruling on Washoe County's motion for an order regarding child welfare records, Washoe County's motion to seal (ECF No. 21) is denied as moot.

1  It is further ordered that, as also explained herein, the Clerk of Court is directed to
2  seal the exhibits to Butte's complaints that contain unredacted personal information of
3  minor children. (ECF No. 1 at 26-37.) *See also* Case No. 3:24-cv-00132-MMD-CSD, ECF
4  No. 1 at 27-38 (D. Nev. Filed Mar. 19, 2024).

5  The Clerk of Court is finally directed to enter judgment accordingly—in Washoe
6  County's favor—and close this case.

7  DATED THIS 23rd Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE